UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICTOR VILLASENOR,<br><br>                Petitioner,<br><br>  v.<br><br>ISCC WARDEN BLADES,<br><br>                Respondent. | Case No. 1:16-cv-00084-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Victor Villasenor's Petition for Writ of Habeas Corpus. (Dkt. 3.)

Respondent has filed a Motion for Summary Dismissal, arguing that the Petition is barred by the one-year statute of limitations, that Petitioner's claims are procedurally defaulted, and that Claim 2 is noncognizable. (Dkt. 13.) The Court takes judicial notice of the records of Petitioner's state court proceedings. *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 10.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and

record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion for Summary Dismissal and dismissing the Petition with prejudice as untimely.

## BACKGROUND

Petitioner pleaded guilty in the Seventh Judicial District Court in Bingham County, Idaho, to felony driving under the influence. The judgment of conviction was entered on September 18, 2009. (State's Lodging A-1 at 79-82.) Petitioner received a suspended sentence of ten years in prison with six years fixed and was placed on probation. (*Id*.) Petitioner did not file a direct appeal.

Petitioner's probation was revoked and he was placed on a rider while the trial court retained jurisdiction. (*Id*. at 129-30.) The court later relinquished jurisdiction and ordered execution of the underlying sentence. (*Id*. at 132-33.) In this habeas action, Petitioner is not challenging either his probation revocation or the trial court's decision to relinquish jurisdiction.

On December 1, 2010, Petitioner filed a motion for reduction of sentence, or a motion for reconsideration, under Idaho Criminal Rule 35, arguing that his sentence was excessive. (*Id*. at 136.) The trial court denied the motion on March 9, 2011. (Id. at 142.) Over four years later, Petitioner filed a second Rule 35 motion, which the state district court denied. (*Id*. at 147-53, 158-61.) Instead of appealing that decision, Petitioner filed a "Petition for Writ of Supervisory Control" directly with the Idaho Supreme Court. (Dkt. 3-1 at 1-23.) The Idaho Supreme Court denied the petition on January 6, 2016. (Dkt. 3-3.)

**MEMORANDUM DECISION AND ORDER - 2**

While Petitioner's second Rule 35 motion was pending, he also filed a petition for state postconviction relief, which was dismissed on March 1, 2016. (State's Lodging B-1.) Petitioner did not appeal that dismissal.

Petitioner filed his Petition in this Court, at the earliest, on February 23, 2016.[1] Petitioner asserts two claims:

> Claim 1: Ineffective assistance of trial counsel based on counsel's failure to file a motion to suppress evidence obtained from an illegal blood test. Petitioner may also be asserting that the blood test violated his right to due process or his right to be free from unreasonable searches and seizures.
>
> Claim 2: Improper dismissal of Petitioner's Rule 35 motion on the grounds that the motion was a successive petition.[2]

(Dkt. 3, 7.)

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent that those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 7 at 2.)

---

[1] *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that, if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases.

[2] Although the Petition identifies two other claims, labelled Claims 3 and 4, they are actually requests for appointment of counsel in this action, which the Court denied in its Initial Review Order. (*See* Dkt. 3, 7.) The Petition contains only two substantive constitutional claims.

**MEMORANDUM DECISION AND ORDER - 3**

## DISCUSSION

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations. The Court agrees.[3]

**1.      Standards of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[4] 28 U.S.C. § 2244(d)(1)(A). One year in this context actually

---

[3]      Because the Petition is time-barred, the Court need not address Respondent's cognizability or procedural default arguments. (*See* Dkt. 13-1.)

[4]      Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 4**

means 366 days—for example, from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA).

Thus, the first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final. Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge—such as a motion under Idaho Criminal Rule 35—in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other*

*grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003). Additionally, any post-conviction petition or other collateral proceeding that is untimely under state law is not considered "properly filed" and thus does not toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a habeas petition is deemed untimely, a federal court can still hear the merits of the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

In addition, the statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have his otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32

(2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

2. **The Petition Is Barred by the Statute of Limitations**

Petitioner's judgment of conviction was entered on September 18, 2009. Because Petitioner did not file a direct appeal of his conviction or sentence, his conviction became final on October 30, 2009, when Idaho's 42-day period for filing an appeal expired. *See* Idaho Appellate Rule 14(a). Therefore, absent statutory or equitable tolling, the Petition was due in this Court on or before October 30, 2010.

Petitioner is not entitled to statutory tolling because the federal statute of limitations period expired *before* Petitioner filed his first Rule 35 motion in the state district court on December 1, 2010. As explained above, petitions for collateral relief in state court do not resurrect an expired statute of limitation. *Ferguson*, 321 F.3d at 822. Even assuming that Petitioner's Rule 35 motions—as well as Petitioner's other post-conviction filings—are deemed applications for collateral relief under § 2244(d)(2), *see Wall*, 562 U.S. 545, 555-56, they could not have statutorily tolled AEDPA's one-year limitations period.

Nor is Petitioner entitled to equitable tolling. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his post-conviction claims in state court, and then waited "five more months after his [post-conviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419. Though Petitioner states that he lacks legal training, this is insufficient to establish that extraordinary circumstances beyond his control stood in his way and prevented him from filing a timely habeas petition. Therefore, the instant Petition was filed over five years too late.

Finally, Petitioner has not made a colorable showing of actual innocence. There is nothing in the record to suggest that every reasonable juror would have voted to acquit Petitioner of felony DUI. *See Schlup*, 513 U.S. at 327 (stating that actual innocence requires the petitioner to establish "that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt").

## CONCLUSION

Petitioner did not file his Petition within AEDPA's one-year statute of limitation. Because Petitioner is not entitled to statutory or equitable tolling and has not shown that he is actually innocent, the Court must dismiss the Petition with prejudice as untimely.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and the Petition is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **February 3, 2017**

_____
Honorable Ronald E. Bush
United States Magistrate Judge